UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-21162-RAR

**BASIRU VANDI**,

    Petitioner,

v.

**GARRETT RIPA, ICE MIAMI FIELD OFFICE DIRECTOR**,

    Respondent.
_____/

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1], filed on April 14, 2022. Petitioner, a native-born citizen of Sierra Leone, argues that he has been in the custody of Immigration and Customs Enforcement ("ICE") for more than six months and that his continued detention is no longer "presumptively reasonable" pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. at 7. The Court ordered the Respondent to file a Response to the Petition, *see* Order to Show Cause [ECF No. 4], and the Respondent did so on May 18, 2022, Response [ECF No. 5]. The Respondent asserts that the Petition should be denied "because Petitioner has not established there is no significant likelihood of removal in the reasonably foreseeable future." Resp. at 1. In fact, Respondent claims that "[Petitioner's] removal is tentatively scheduled for [June 2022] barring unforeseen circumstances." *Id.* at 3. Since Petitioner's removal from the United States appears to be imminent, the Court agrees with Respondent that the instant Petition should be **DENIED**.

Petitioner was born in Sierra Leone but was admitted into the United States as a lawful permanent resident on or about September 28, 2010. *See* Record of Deportable/Inadmissible Alien

[ECF No. 5-1] at 2.  On November 27, 2019, after Petitioner entered a plea of *nolo contendere*, the Court of Common Pleas of Delaware County, Pennsylvania, sentenced Petitioner to a five (5) year term of probation for "Corruption of Minors," in violation of Title 18, Pennsylvania Consolidated Statutes § 6301.  *See* Court of Common Pleas Judgment [ECF No. 5-2] at 27.  On February 13, 2020, the Department of Homeland Security issued a "Notice to Appear" to Petitioner, informing him that: (1) he was now removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) since he was "convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment[,]" and (2) he was required to appear before an immigration judge.  Notice to Appear [ECF No. 5-4] at 1.

On June 15, 2020, an immigration judge ordered that Petitioner should be removed to Sierra Leone.  Order of the Immigration Judge [ECF No. 5-6] at 1–2.  Petitioner appealed this decision to the Board of Immigration Appeals, but the Board dismissed the appeal on July 22, 2021.  *See* BIA Decision [ECF No. 5-7] at 4.  Petitioner's order of removal became final on that date.  *See Del Pilar v. United States Att'y Gen.*, 326 F.3d 1154, 1156 (11th Cir. 2003) ("An order of deportation becomes 'final' upon a determination by the BIA or the expiration of the time within which an alien may seek review from the BIA.").

Petitioner was scheduled for removal from the United States on March 30, 2022.  *See* Emergency Motion for Stay of Removal [ECF No. 5-9] at 1; Declaration of David Casimiro ("Casimiro Decl.") [ECF No. 5-10] at ¶ 5.  On that day, Petitioner was in the process of boarding an ICE charter flight to Sierra Leone when "[he] was removed from the flight due to an accusation made by the petitioner against an [ICE] officer."  Casimiro Decl. at ¶ 5.  An investigation occurred and Petitioner was again cleared for removal from the United States on May 13, 2022.  *Id.*  According to David J. Casimiro, a Detention and Deportation Officer with ICE, the Government of Sierra Leone has "issued a travel document for the petitioner," and Petitioner is currently

scheduled to be placed on a repatriation flight to Sierra Leone "at the end of June 2022." *Id.* at ¶ 6.

In *Zadvydas v. Davis*, the Supreme Court explained that the Fifth Amendment's Due Process Clause "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. The Court held that any detention of six months or less was a "presumptively reasonable period of detention," *id.* at 701, and that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future," *id.* Conversely, the Court also held that "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Although more than six months have passed since Petitioner's removal became final on July 22, 2021, the Government has plainly shown that Petitioner's removal from the United States is not only "reasonably foreseeable" but a *fait accompli*. *See id.* Sierra Leone's government has provided travel documents to Petitioner and Petitioner is scheduled to board a flight to Sierra Leonne that will take place at the end of the month. Casimiro Decl. at ¶ 6; *see also Drummond v. Holder*, No. 14-23510-CV, 2015 WL 5092803, at *2 (S.D. Fla. Aug. 3, 2015) (holding that a petitioner's removal was "reasonably foreseeable" since the Jamaican government indicated that travel documents were "forthcoming"), *report and recommendations adopted*, 2015 WL 5084138 (S.D. Fla. Aug. 28, 2015). The instant case is factually similar to *Oladokun v. United States Attorney General*, 479 F. App'x 895 (11th Cir. 2012). In *Oladokun*, the petitioner alleged that his removal from the United States had far exceeded "the six-month presumptively reasonable removal period" set out by *Zadvydas*. *Id.* at 896. The court affirmed the denial of Oladokun's

petition, reasoning that the petitioner had prevented his own removal by "becoming combative when placed on the airplane." *Id.* at 897. Here, too, Petitioner's own actions—accusing an ICE officer of misconduct while boarding his flight back to Sierra Leone—have caused the delay in his repatriation; therefore, Petitioner has failed to show that the Government itself is incapable of effectuating his removal from the United States. *See id.* ("The Department could have removed Oladokun to Nigeria, but for his misconduct at the airport."). Accordingly, since the Petitioner's removal is "reasonably foreseeable," the Petition must be denied.

It is hereby **ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DENIED without prejudice**. All pending motions are **DENIED as moot** and all deadlines are **TERMINATED**. The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 3rd day of June, 2022.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc:

Basiru Vandi
A# 061103975
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE

Kelsi R. Romero
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Kelsi.romero@usdoj.gov